CRAWLEY, Judge,
dissenting.
I conclude that the zoning ordinance is constitutional. Our supreme court has upheld a zoning ordinance that prohibited businesses that are “offensive because of injurious and obnoxious noise, vibrations, smoke, gas, fumes, odors, dust, or other objectionable features, or would be hazardous to the community on account of danger of fire or explosion.” Walls v. City of Guntersville, 253 Ala. 480, 485, 45 So.2d 468, 471 (1950). In Walls, the business owner argued that the terms “offensive” and “hazardous” were unconstitutionally vague. The court rejected that argument, stating:
“We must be certain that the ordinance is so plainly and palpably inadequate and incomplete as to be convinced beyond reasonable doubt that it offends the constitution or we will not strike it down.
“And the modern tendency has been to be liberal in upholding ordinances of *51 this character in order to facilitate their proper administration. The courts have ruled that considerable freedom to exercise discretion and judgment must of necessity be accorded to officials in charge under such an ordinance.
“... ‘[Ordinances need not always prescribe a specific rule of action and ... some situations require the placing of some discretion in municipal officials, as in cases where it is difficult or impracticable to lay down a definite or comprehensive rule for guidance, or where the discretion relates to the administration of a police regulation and is essential to the protection of the public morals, health, safety, welfare, etc.... ’ ”
253 Ala. at 485, 45 So.2d at 472.
I conclude that the terms “structurally unsound” and “dilapidated,” terms used in the zoning ordinance at issue here, are not so vague or uncertain as to make the ordinance unconstitutional. Therefore, I dissent.
THOMPSON, J., concurs.